Curia, per

O’Neall, J.
In these cases, there is no doubt entertained by this court, that the clerk ought to have taxed the costs claimed by the plaintiffs. The only difficulty felt by any member of the court, is as to the right of the clerk to hear affidavits of the plaintiffs’ general bad character. But on a full consideration, we think the Circuit Judge was right in holding, that the clerk ought not to have heard any such proof The right to tax costs of the witnesses, arises from the subposnas when they are shewn, the plaintiff had the right to claim that the attendance should be taxed, this might be resisted by shewing that the witness or witnesses was or were not sworn ; to overcome this objection, the plaintiff is to shew that the witness or wit *89 nesses was or were subpoenaed in good faith. How can this be done'? The answer is, by the plaintiff’s affidavit; for that is the only way in which his intention can be reached, and that was what was meantby Judge Johnson, in the case of Taylor vs. McMahon, 1 Bailey, 131, when he said “but when they, (the witnesses) are not sworn on the trial, or when the case has gone off without trial, if the party chargeable with the costs requires it, proof must be given of the materiality of the witnesses to the matter in issue, or that they were summoned in good faith, and in the be* lief that they were material, and this proof must come from the party claiming to tax the costs.” To say that this shewing may be assailed by the plaintiff’s want of character, is to add a new condition to the plaintiff’s rights, and to make the clerk the judge of one of the most delicate questions which can arise. Such a question would not even be decided by a Judge on affidavit, he would refer it to a jury. The clerk, who has no such means of ascertaining the truth, cannot do more than a Judge would do. In Fair vs. Fair, 2d Hill, 555, the rule of Taylor vs. McMahon was applied, and the attendance of a witness who was not sworn, was not allowed on the ground that there was no affidavit to shew his materiality, or that he was summoned in good faith.' This shews the understanding of the rule, that when a witness was subpoenaed, and not sworn, that his attendance could not be taxed, until there was proof of his materiality, or being subpoenaed in good faith. Indeed, the whole object of that rule was, to place another guard on the abuse of the process of the court. It was supposed that, that was generally sufficiently accomplished by purging the conscience of the party summoning the witness; and it is better to submit to the partial evil arising out of even an occasional falsehood on the part of the plaintiff, than to introduce questions of credit before the taxing officer. The motion to reverse the decision of the Judge below is dismissed.
Richardson, Evans, Butler and Wardlaw, JJ. concurred.